UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCIONTI TROY HILL,

Plaintiff,

v. Case No. 3:26-cv-2043-MMH-SJH

SGT. EZEKIEL and SGT. J. RUSSELL,

Defendants.

---

**ORDER**

Plaintiff Scionti Troy Hill, an inmate of the Florida Department of Corrections (FDC), initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint), along with a Motion to Proceed In Forma Pauperis (Doc. 2). Hill asserts that on April 4, 2026, Defendant Ezekiel refused to provide him notary services for his power-of-attorney form (POA). See Complaint at 5. On May 20, 2026, Hill wrote a grievance to the Warden, and his grievance was approved, but the notary services still were not provided. Id. On June 15, 2026, he asked the "mail lady" for notary services, and she "called for [Defendant] Ezekiel to come and help . . . [but] no one ever came." Id. Then, on July 8, 2026, Defendant Russell searched Hill's cell and told him that he would be permitted to access notary services after he put his "room back in order." Id. Hill asserts Defendant Russell took his POA form, along with the

envelope, and a book he had written. Id. He contends Defendants violated his First Amendment rights to "religious and political freedom." Id. at 3. In addition to seeking compensatory damages, Hill asks that the Court direct the institution to notarize his POA, so he can have his book published. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears

that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Hill's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se

pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action," Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). A plaintiff must allege "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Liberally construing Hill's pro se allegations, he complains of a denial of access to the courts and the right to free speech in violation of the First

Amendment.[2] See Complaint at 4–5. As to the former purported claim, it is well-established that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996). The right to access the courts includes the right to "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Id. at 824–25. However, the constitutional right of access to the courts is not unfettered. See Lewis, 518 U.S. at 351. To state a claim for a denial of access to the courts, a plaintiff must allege an actual injury. Id.; see also Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).

"Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. Rather, "the plaintiff must identify within his complaint, a 'nonfrivolous,' 'arguable' underlying claim.'" Id. at 1226 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "The allegations about the

[2] Although Hill claims Defendants violated his rights to "religious and political freedom," he does not allege he was denied the right to freely practice a religion.

underlying [claim] must be specific enough to give fair notice to the defendants and must be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1271 (11th Cir. 2010) (quotation marks and citation omitted). Additionally, a plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 355.

Here, Hill fails to assert that Defendants' conduct resulted in an "actual injury" as defined by the Eleventh Circuit. He does not allege that Defendants interfered with or prevented him from timely filing a non-frivolous claim. Rather, he alleges he was prevented from having his POA notarized, which he apparently needed so he could publish a book, not to prosecute or defend a direct appeal, a collateral attack on his conviction, or a civil rights action. As such, Hill fails to plausibly allege that he was denied access to the courts.

As to Hill's assertion that Defendant Russell searched and seized his legal documents, Hill fails to plead a plausible free speech violation. Interference with an inmate's incoming or outgoing mail may implicate an inmate's right to freedom of speech. See Al Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008) ("Mail is one medium of free speech, and the right to send and

receive mail exists under the First Amendment."). But not all interference with an inmate's mail results in a First Amendment violation. See id. When a prison official opens (without reading) or withholds an inmate's legal mail, the question is whether the official consistently engages in such a practice such that it "sufficiently chills, inhibits, or interferes with [the inmate's] ability to speak, protest, and complain openly to his attorney so as to infringe his right to free speech." Id. at 1334.

Here, Hill's allegations are exceedingly vague. In Section IV.B. of his Complaint, he asserts that Defendant Russell searched and seized his "legal documents," and in Section IV.D., he implies those documents were his POA and a book he wrote. See Complaint at 4–5. Assuming Defendant Russell confiscated Hill's POA and book, or any other legal documents, Hill does not assert that Russell, or any other prison official, opened and read his legal mail outside of his presence. Regardless, even had Defendant Russell read the POA, Hill asserts no facts to suggest a regular and unjustified interference with legal mail such that his right to free speech was chilled. As such, Hill fails to plausibly allege his right to free speech was violated.

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6
c:
Scionti Troy Hill